UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

| KATHLEEN MULLEN,<br><br>Plaintiff,<br><br>vs.<br><br>KIA MOTORS FINANCE, a corporation,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**1. TCPA, 47 U.S.C. § 227**<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Exceeds $10,000 |
|---|---|

## COMPLAINT FOR DAMAGES

### I.     INTRODUCTION

1.    Kathleen Mullen ("Plaintiff") brings this action against Kia Motors Finance ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

### II.     JURISDICTION

2.    Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

3.    Venue and personal jurisdiction in this District are proper because Plaintiffs reside in this District, Defendant's collection communications were received by Plaintiffs within this District and Defendant does or transacts business within this District.

### III.   PARTIES

4. Plaintiffs are natural persons residing in Saint Louis, Saint Louis County, Missouri.

5. Upon information and belief, defendant Kia Motors Finance, is located in Irvine, California, and can be served with process by serving the Office of the President, Kia Motors Finance, located at 3161 Michelson Drive, Suite 1900 Irvine, CA 92612.

6. Upon information and belief, the telephone numbers (678) 905-2890; (972) 590-3609; (678) 905-2890; and (678) 348-8039 all belong to Defendant.

7. Within the last three (3) years, Defendant attempted to collect on consumer debt(s) from Plaintiffs.

8. The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//
//
//

## IV. FACTUAL ALLEGATIONS

12. Defendants are attempting to collect alleged consumer debts from Plaintiff.

13. Between June 20, 2016 and August 29, 2016, Defendant caused Plaintiff's cellular telephone number (201) 393-4247 to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

14. On June 21, 2016 at 1:46 p.m., Plaintiff Kathleen Mullen ("Ms. Mullen") received a phone call from telephone number (678) 905-2890. Ms. Mullen answered the call and unequivocally revoked consent to be contacted on her cellular phone.

15. When Ms. Mullen answered the phone, she heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

16. The telephone number (678) 905-2890 belongs to or was used by Kia Motors, and upon information and belief, the calls were made in an attempt to collect on an Account.

17. On June 30, 2016 at 4:39 p.m., Ms. Mullen received another call from Kia Motors on her cellular telephone. Ms. Mullen answered this call, from telephone number (972) 590-3609, and again unequivocally revoked consent to be contacted on her cellular phone.

18. When Ms. Mullen answered the phone, she heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

19. The telephone number (972) 590-3609 belongs to or was used by Kia Motors, and upon information and belief, the calls were made in an attempt to collect on an Account.

20. After the June 21, 2016 call, Plaintiff Kathleen Mullen received approximately seventy (70) additional calls from telephone numbers (678) 905-2890; (972) 590-3609; (678) 905-2890; and (678) 348-8039 from June 21, 2016 through August 29, 2016.

21. Upon information and belief, the telephone numbers (678) 905-2890; (972) 590-3609; (678) 905-2890; and (678) 348-8039 belong to Defendant.

22. The purpose of the repeated phone calls was an attempt to collect an alleged debt.

23. Defendant is familiar with the TCPA.

24. Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

25. The approximately seventy (70) phone calls placed from Defendant to Plaintiff's cellular phones caused Plaintiff extreme emotional distress and aggravation.

## V. CAUSE OF ACTION

### COUNT I

**(Violations of the TCPA, 47 U.S.C. § 227)**

26. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiffs at Plaintiffs' cellular telephones using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

28. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

29. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

30. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

31. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

32. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### VI.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kathleen Mullen respectfully requests that judgment be entered against Defendant for the following:

(a)    Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(b)    Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

(c) For such other and further relief as the Court may deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: October 6, 2016                                   **PRICE LAW GROUP, APC**

By:  */s/ Mark D. Molner*

　　　　Mark D. Molner, MO# 62189
　　　　P:
　　　　E: mark@pricelawgroup.com
　　　　Attorneys for Plaintiff
　　　　Kathleen Mullen

- 6 -
COMPLAINT FOR DAMAGES