UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN MULLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1582 HEA |
| | ) | |
| | ) | |
| KIA MOTORS FINANCE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Standing, or Alternatively, to Strike Certain Allegations and Stay Proceedings, [Doc. No. 6]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion to Stay will be granted.

### Facts and Background

Plaintiff filed this action under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges Defendant made telephone calls to Plaintiff's cellular telephone in an effort to collect a debt by using an automatic telephone dialing system or an artificial or prerecorded voice in violation of the TCPA.

### Discussion

Defendant argues that Plaintiff lacks standing to bring this action. "Article III standing represents 'perhaps the most important' of all jurisdictional requirements." *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 983 (8th Cir. 2009) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). This doctrine "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant [its] invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) (internal quotations and emphasis omitted). In the normal course, the plaintiff has the responsibility clearly to allege facts demonstrating that it is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers. *Warth v. Seldin*, 422 U.S. 490, 518 (1975). This assures the existence of that measure of concrete adverseness necessary to sharpen the presentation of issues necessary for the proper resolution of the constitutional questions. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).

"If a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 980 (8th Cir. 2009) (internal quotations and citations omitted); *Morse v. Vinson*, No. 3:09CV00153, 2010 WL 385945, at *2 (E.D. Ark. Jan. 27, 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Fed.R.Civ.P. 12(h)(3); *Alternate Fuels, Inc. v. Cabanas*, 538 F.3d 969, 975 (8th Cir. 2008) (subject matter jurisdiction can be raised at any time).

Defendant argues that Plaintiff lacks standing to pursue this claim because her alleged harm is not "concrete and particularized," citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016)). Defendant maintains that Plaintiff has not alleged any concrete and particularized injury resulting from the disputed telephone calls.

Alternatively, Defendant asks the Court to stay these proceedings until the D.C. Circuit rules in an action wherein ACA International seeks judicial review of the Federal Communications Commission's interpretation of the TCPA. *ACA International v. Fed. Comm.Comm's,* No 15-1211, Doc. No 1562251 (D.C. Cir. July 10, 2015). Oral arguments were heard on October 19, 2016. Within the confines of that action are specific challenges to the FCC's definitions of an "automatic telephone dialing system," as well as other definitions. Furthermore, ACA also challenges the FCC's treatment of prior consent regarding the making of the telephone calls.

The Court agrees with Defendant that the ACA action may significantly impact the issues in this case. The Court further believes that even the fundamental standing determination may be effected by the D.C. Circuit's decision. Prudence suggests that a stay may materially advance this litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Alternative Motion to Stay

[Doc. No. 6] is **GRANTED.** This matter is STAYED for 90 days or until the D.C.

Circuit rules on the ACA case, whichever occurs first.

**IT IS FURTHER ORDERED** that Defendant shall file a status report with

the Court upon the expiration of earlier date.

Dated this 17th day of August, 2017.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE